UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DESHAWN MCCLURE, | |
| Plaintiff, | |
| v. | Case No. 2:21-CV-364-GSL-AZ |
| RONALD DAVIDSON and CITY OF HAMMOND, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 94] filed on June 30, 2025. Plaintiff DeShawn McClure, who is litigating his case without a lawyer has not filed a response and the time to do so has passed. The motion is now ripe for ruling. The Court, having reviewed the motion and supporting documentation, now finds that entry of summary judgment in favor of the defendants is appropriate. For the reasons set forth below, the Court grants the motion.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of" the evidence that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To survive a properly supported motion for summary judgment, "the nonmoving party must present evidence sufficient to establish a triable issue of fact on all elements of its case." *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 969 (7th Cir. 2020).

In deciding a motion for summary judgment, a court may "not weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the facts is most likely to be true." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021). Instead, a court's only task is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* (internal citation omitted). If there is no genuine dispute of material fact, then summary judgment is appropriate, and the movant is entitled to judgment as a matter of law. *Id.*

Local Rule 56-1(a) requires a summary judgment movant to file a "Statement of Material Facts" identifying the facts that the moving party contends are not genuinely disputed. Then, the party opposing summary judgment must respond within twenty-eight days with a "Statement of Genuine Disputes" setting forth the genuinely disputed material facts that make trial necessary. N.D. Ind. L.R. 56-1(b)(2). "[A] failure to respond by the nonmovant as mandated by the local rules results in an admission." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). When an opposing party fails to respond to a summary judgment motion, Federal Rule of Civil Procedure 56(e) permits judgment for the moving party only if the movant is entitled to it. Fed. R. Civ. P. 56(e)(3).

## MATERIAL FACTS

Defendants filed a statement of material facts in accordance with Local Rule 56-1(a). Mr. McClure failed to comply with Local Rule 56-1(b) by failing to file a response to Defendants' motion for summary judgment. Thus, the facts as claimed and properly supported by Defendants in their statement of material facts are deemed admitted without controversy. The Court has reviewed those facts and finds that they are adequately supported with appropriate citations to admissible evidence in the record, including video footage of the incident.

2

Mr. McClure was stopped in the intersection of Orchard Drive and Rhode Island Avenue in Hammond, Indiana shortly after 3:30 a.m. on November 4, 2021. Hammond Police Department Officers Davidson and Ciccotelli repeatedly ordered Mr. McClure to get out of his vehicle. Mr. McClure repeatedly refused their commands and instead, pulled a handgun from underneath his left thigh. Officer Davidson yelled "he's got a gun" and fired three shots in quick succession to protect himself and Officer Ciccotelli, striking Mr. McClure. After watching the video footage of the encounter, Mr. McClure correctly conceded in his deposition that:

> I guess the Officer Davidson was doing everything correctly, but I felt like Officer Ciccotelli was doing everything correctly. Like, he wasn't too aggressive. Like he could have easily just snagged once—he could have got agitated with me and just snatched me out the car—I seen it happen before—but he didn't. Like, he just kept telling me to get out the car. And I — I just feel like he — he did everything pretty much by the book.

McClure Dep. 83:21–84:6, ECF 95-1.

## DISCUSSION

Plaintiff alleges violations of his constitutional rights under 42 U.S.C. § 1983. Section 1983 is a procedural vehicle for lawsuits "vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 394 (1989). To establish a § 1983 claim, Plaintiff must show that he was "deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).

Plaintiff makes a Fourth Amendment claim. The Fourth Amendment prohibits "unreasonable searches and seizures" by the government to safeguard "[t]he right of the people to be secure in their persons." U.S. Const. Amend. IV. The use of force in restraint of freedom is a "seizure" subject to the Fourth Amendment's reasonableness requirement. *Torres v. Madrid*, 592 U.S. 306, 311 (2021). The Fourth Amendment applies to the States via the Fourteenth Amendment. *See Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992).

The law looks to the totality of the circumstances to decide whether any use of force was reasonable, including the crime's severity (or whether the suspect was under arrest or suspected of committing a crime), the immediate threat the suspect posed to the safety of the officers or others, whether the suspect was armed, whether the suspect was interfering with an officer's duties, and whether the suspect actively resisted or attempted to evade arrest. *Cnty. of Los Angeles v. Mendez*, 581 U.S. 420, 427–28 (2017); *Graham*, 490 U.S. at 396; *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015). The law asks whether the force used to seize the suspect was excessive in relation to the danger he posed. *Mendez*, 581 U.S. at 427; *Dawson*, 803 F.3d at 833.

When an officer reasonably believes a suspect's actions place "him, his partner, or those in the immediate vicinity in imminent danger of death or serious bodily injury, the officer can reasonably exercise the use of deadly force." *Horton v. Pobjecky*, 883 F.3d 941, 949 (7th Cir. 2018). "If the person of interest threatens the officer with a weapon, deadly force may be used, because the risk of serious physical harm to the officer has been shown." *King v. Hendricks Cnty. Comm'rs*, 954 F.3d 981, 985 (7th Cir. 2020). Defendant Davidson's use of deadly force in response to Plaintiff disobeying commands and pulling out a handgun is precisely the sort of "split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances" that the courts in this Circuit have repeatedly held are objectively reasonable as a matter of law. *Manery v. Lee*, 124 F.4th 1073, 1079 (7th Cir. 2025); *see also, e.g.*, *Muhammed v. City of Chicago*, 316 F.3d 680, 683 (7th Cir. 2002) (affirming entry of summary judgment in favor of police officer who fired four shots, killing suspect who pulled out a gun); *Siler v. City of Kenosha*, 957 F.3d 751, 760 (7th Cir. 2020) (affirming entry of summary judgment in favor of officer and his employer when officer shot suspect six times after refusing commands to surrender).

Defendants have also raised the defense of qualified immunity. "Qualified immunity protects government officials from liability for damages unless they 'violate clearly established statutory or constitutional rights.'" *Garcia v. Posewitz*, 79 F.4th 874, 879 (7th Cir. 2023) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To be "clearly established," the right at issue must be so "beyond debate" that any reasonable official in the defendant's position would know that his actions would violate it. *Kisela v. Hughes*, 584 U.S. 100, 104 (2018). Further, "the undebatable right must be defined with particularity." *Garcia*, 79 F.4th at 880.

Since Defendants raised qualified immunity as a defense, Plaintiff bears the burden of showing "(1) the defendants violated a constitutional right; and, (2) the constitutional right was clearly established at the time of the violation." *Garcia*, 79 F.4th at 879 (citing *Fosnight v. Jones*, 41 F.4th 916, 924 (7th Cir. 2022)). Plaintiff has not carried his burden on either element. As set forth above, Defendant Davidson's use of deadly force was objectively reasonable and did not violate Plaintiff's constitutional rights.

When Plaintiff drew his handgun from under his thigh, the prevailing and established precedent in the Seventh Circuit held that a police officer's use of deadly force in response was reasonable. *Siler*, 957 F.3d at 760; *Gysan v. Francisko,* 965 F.3d 567, 570 (7th Cir. 2020). Significantly, the *Siler* opinion issued by the Seventh Circuit in April, 2020 quotes a 2002 Seventh Circuit opinion, *Muhammed*, that, in turn, quotes a 1988 Seventh Circuit opinion, *Sherrod v. Berry*, 856 F.2d 802, 805 (7th Cir. 1988). Based upon this more than 30-year precedent, any officer in Officer Davidson's position on November 4, 2021, understood that the use of deadly force was reasonable and appropriate when a suspect pulls a weapon that exposes him, his partner, or a bystander to the threat of serious bodily injury or death.

5

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment [DE 94] and **DIRECTS** entry of final judgment in favor of Defendants. Plaintiff takes nothing by his complaint.

SO ORDERED.

ENTERED: September 2, 2025

/s/GRETCHEN S. LUND
Judge
United States District Court
